IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIRK A. HEIN, § | |
|     Plaintiff, § | |
| § | Civil Action No. 3:09-CV-00828-K |
| v. § | |
| § | |
| FLAGSTAR BANCORP, § | |
|     Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the June 17, 2009 Motion to Dismiss of Flagstar Bancorp, Inc. ("Defendant") (doc. 8). The time to file a response has expired, and Plaintiff has failed to respond.

Kirk A. Hein ("Plaintiff") seeks damages against Defendant related to the circumstances surrounding the financing of the mortgage on his house located at 2601 Country Place Drive, Carrollton, Texas. (Compl. at ¶25.) Defendant contends that Plaintiff obtained financing for the house from World Capital Mortgage and executed a promissory note in the amount of $168,000 and that the mortgage was later assigned to Flagstar Bank, FSB. (Def.'s Mem. at 2.) Plaintiff's claims appear to include violations of: (1) regulations governing insured deposit institutions; (2) the TILA; (3) the Fair Debt Collection Practices Act ("FDCPA"); and (4) the Fair Credit Reporting Act ("FCRA"). Plaintiff also attempts to allege state law claims for:(1) breach of contract; (2) lack of consideration; (3) fraud in the inducement; (4) promissory estoppel; (5) breach of good faith and fair dealing; (6) breach of fiduciary duty; (7) lack of agency; (8) deceptive trade practices; (9) negligent misrepresentation; (10) assumpsit for money had and received; (11) conversion; (12) usury; (13) rescission; (14) unjust enrichment; and (15) civil conspiracy. Plaintiff seeks damages, punitive

damages, attorney fees, and costs.

### Dismissal for Improper Service Pursuant to FED. R. CIV. P. 12(b)(5)

Defendant contends that the case should be dismissed because Plaintiff failed to obtain proper service on it pursuant to FED. R. CIV. P. 4(h)(1). Defendant states that Plaintiff attempted to serve this action by mailing the summons and complaint to Flagstar Bancorp, Inc., without directing service to any officer or agent of Flagstar. Defendant notes the additional deficiency that Plaintiff himself mailed the summons and complaint. Additionally, Defendant asserts that not only was the service defective, but also that Flagstar Bancorp, Inc. is not a proper party in interest to the suit. This is because it is the holding company for Flagstar Bank, FSB, the entity which holds Plaintiff's mortgage. (Def.'s Mem. at 1, n.1.) The Court notes that although the Complaint is captioned *Hein v. Flagstar Bancorp, Inc*., the Complaint states that it is against Flagstar Bancorp, Inc., individually and d/b/a/ Flagstar Bank, FSB. However, Plaintiff has failed to serve Flagstar Bank, FSB and the time to do so will expire on September 4, 2009, unless the time is extended. *See* FED. R. CIV. P. 4(m). Plaintiff has failed to correct the deficiencies in service of process and in serving the proper defendant even though he received notice of them on June 17, 2009 when Flagstar Bancorp, Inc. filed its motion to dismiss. Dismissal is warranted pursuant to FED. R. CIV. P. 12(b)(5).

### Dismissal for Failure to State a Claim

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiff in this case is proceeding pro se, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiff's Complaint liberally, it does not comply with FED. R. CIV. P. 8(a) and is dismissible pursuant to Rule 12(b)(6). It contains no facts, and no allegations that would entitle it to relief against Flagstar Bancorp, Inc. Plaintiff's allegations are not sufficient to raise a right to relief above the speculative level.

The Court finds that Defendant Flagstar Bancorp, Inc. has shown that it is entitled to dismissal without prejudice pursuant to both FED. R. CIV. P. 12(b)(5) and 12(b)(6).

**RECOMMENDATION**

The Court recommends that the District Court grant Defendant Flagstar Bancorp, Inc.'s Motion to Dismiss for improper service of process and failure to state a claim upon which relief can be granted (doc. 8) and dismiss without prejudice Plaintiff's claims against Flagstar Bancorp, Inc.

Signed, August 27, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).